NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN COLEMAN, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 04-CV-26 (DMC) |
| KEVIN KELLY and CORRECTIONAL : | |
| MEDICAL SERVICES INC., : | |
| : | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by Kevin Kelly and Correctional Medical Services Incorporated ("Defendants"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on all counts of the Complaint filed by pro se Plaintiff John Coleman that were not resolved by this Court's July 14, 2004 Opinion. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion for summary judgment is **granted**.

## I. BACKGROUND

Pursuant to 42 U.S.C. § 1983, Plaintiff filed a pro se Complaint alleging Defendants violated his civil rights for failing to treat him for Hepatitis C during the time Plaintiff was incarcerated at East Jersey State Prison("EJSP"). (Plaintiff's Complaint ("Pl. Compl.") at 4). On July 14, 2004, this Court issued an Opinion dismissing various defendants from the Complaint

and allowing Plaintiff to Proceed against Defendants Kevin Kelly and Correctional Medical Services, Incorporated. (Hon. Dennis M. Cavanaugh Order and Opinion dated July 14, 2004). Defendants now ask this Court to dismiss the remaining counts of the Complaint.

Plaintiff was diagnosed with Hepatitis C on September 24, 2002, based on tests provided by EJSP's medical department. (Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment ("Pl. Br.") at 4). Plaintiff received a Hepatitis C vaccine on October 10, 2002, and again at some point in March of 2002. (Id.) Defendant Kevin Kelly ("Kelly") first met with Plaintiff on January 2, 2003, when he renewed Plaintiff's medications. (Defendants' Statement of Facts ("Def. R. 56.1 Stmt.") at 2). On April 28, 2003, Kelly ordered a systemic lupus erythematosus profile and on March 19, 2003, when Kelly reviewed the results of this test with Plaintiff, Plaintiff informed him that while he was aware of the treatment available to him for his Hepatitis C, he chose to decline treatment at this time. (Id. at 5). Kelly noted Plaintiff's refusal in his medical records. (Id.) Kelly again briefed Plaintiff on possible treatments for Hepatitis C on August 25, 2003. (Id. at 6). Again Plaintiff responded that he would consider drug therapy but was currently declining all forms of treatment. (Id.)

Kelly, as well as other medical professionals, continued to treat Plaintiff throughout 2003 and into 2004. (Id. at 8). On February 4, 2004, another nurse noted on Plaintiff's medical records that Plaintiff refused blood work. (Id.) Kelly visited Plaintiff in his cell on February 6, 2004, and informed him that he was being withdrawn as a candidate for drug therapy due to Plaintiff's refusal to have proper lab work. (Id.) Plaintiff refused to talk to Kelly and was verbally abusive during this meeting. (Id.) On February 24, 2004, Plaintiff was transferred to

New Jersey State Prison in Trenton and Kelly stopped treating Plaintiff due to his transfer.  (Id. at 9).

## II. DISCUSSION

### A. Standard For Summary Judgment

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing either (1) there is no genuine issue of fact and it must prevail as a matter of law; or (2) that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331.  If either showing is made then the burden shifts to the non-moving party, who must demonstrate facts that support each element for which he bears the burden and must establish the existence of genuine issues of material fact. Id.  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, Fed. R. Civ. P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

### B. Requirements Under 42 U.S.C. § 1983

To bring a successful claim under 42 U.S.C. § 1983, a prisoner must show he was subjected to cruel and unusual punishment that violated the Eighth Amendment of the Constitution of the United States. Estelle v. J.W. Gamble, 429 U.S. 97, 103 (1976).  The Supreme Court of the United States has interpreted the Eighth Amendment to require the

government to "provide medical care" for those it has imprisoned. Id. The Supreme Court determined that the government's deliberate indifference to prisoners' serious medical needs qualifies as "unnecessary and wanton infliction of pain," in violation of the Eighth Amendment. Id. 104.

In Estelle, the Court set forth a two prong test prisoners must satisfy in order to prove an Eighth Amendment violation. First, the prisoner must show prison officials acted with "deliberate indifference." Id. at 106. Second, the prisoner must prove his injury or illness is serious. Id. Only indifference that offends "evolving standards of decency" violates the Eighth Amendment. Id. In Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), the Third Circuit determined "deliberate indifference" occurs when prison officials deny a prisoner's reasonable request for medical treatment and "such denial exposes the inmate to undue suffering or the threat of residual injury." Mere allegations of medical malpractice fail to rise to the level of deliberate indifference. Id.

### C. Defendant Kevin Kelly

Here, Plaintiff cannot satisfy the first prong of the Estelle test against Kelly because Plaintiff fails to prove Kelly acted with "deliberate indifference" that offends the "evolving standards of decency." Plaintiff's medical records indicate he was seen and treated by various doctors, nurses, Nurse Practitioners, and even specialists during his time at EJSP for a variety of ailments, including Plaintiff's Hepatitis C. (Def. R. 56 Stmt. at 2-34). In regard to Kelly, Plaintiff's medical records and Defendant's certification both show Defendant provided Plaintiff

with continuous care while Plaintiff remained at EJSP. (Id.) The record indicates Kelly tried to treat Plaintiff even after learning Plaintiff had denied treatment from another nurse for his Hepatitis C. (Id. at 8). This hardly qualifies as deliberate indifference.

While Plaintiff may have disagreed with treatment suggested and urged by Kelly, that does not mean Kelly acted with "deliberate indifference" in violation of the Eighth Amendment. In fact, the record suggests just the opposite and demonstrates how Kelly continually treated Plaintiff and urged Plaintiff to receive the care his ailments required. (See Def. R. 56 Stmt). Plaintiff has failed to show Kelly acted with "deliberate indifference" to his medical needs. Therefore, Defendant Kevin Kelly is entitled to summary judgment against the Plaintiff.

### D. Defendant Correctional Medical Services, Incorporated

Defendant Correctional Medical Services, Incorporated ("CMS"), is also entitled to summary judgment against Plaintiff. Under 42 U.S.C. § 1983, a private corporation performing a municipal function may not be held vicariously liable for the actions of one of its employees. Taylor v. Plousis, 101 F. Supp. 255, 263-65 (D.N.J. 2000). In order for a plaintiff to hold such a private corporation liable, he must show his constitutional rights were deprived due to the corporations' official customs or policies, or, alternatively, from the actions of an official with "final authority to establish a municipal policy." Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986). A plaintiff must then prove that policy or custom caused his injury. Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 694 (1978).

Here, Plaintiff has failed to show that any of CMS's policies or customs resulted in a deprivation of his constitutional rights. Plaintiff's medical records and Defendant Kelly's Certification both show Plaintiff received continuous treatment from various medical professionals employed by CMS. (See Def. R. 56 Stmt.). Due to the fact that no one employed by CMS acted with deliberate indifference regarding Plaintiff's medical needs and the fact that Plaintiff did not prove Defendant had any policies in place that violated his Eighth Amendment rights, Plaintiff failed to carry his burden. Therefore, CMS is also entitled to summary judgment against Plaintiff.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion for summary judgment is **granted** and Plaintiff's Complaint is **dismissed**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       November 29, 2005
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File